**In re Padraic COOK, Movant.**

**No. 91–1492.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1991.
Decided March 12, 1991.

Padraic Cook, pro se.

Before McMILLIAN, ARNOLD and LOKEN, Circuit Judges.

PER CURIAM.

Padraic Cook filed a lawsuit *pro se* seeking damages under 42 U.S.C. § 1983 for injuries he allegedly sustained when he fell climbing down from a Sheriff's Department van to enter the St. Louis jail. Named as defendants are Sheriff L. Ray, who allegedly failed to help Cook exit the van, the Sheriff's Department and the City of St. Louis, and Nurse Montgomery, who allegedly refused to treat Cook's injuries inside the jail. The district court dismissed Cook's complaint, prior to service, as frivolous within the meaning of 28 U.S.C. § 1915(d), as construed in *Neitzke v.* *Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Cook then moved for reconsideration in the district court, and while that motion was pending, sent to this court a Motion for Writs of Mandamus and Prohibition which was filed after the district court denied Cook's motion for reconsideration.

■ A writ of mandamus may not be used as a substitute for appeal. *Schlagenhauf v. Holder*, 379 U.S. 104, 112, 85 S.Ct. 234, 239, 13 L.Ed.2d 152 (1964). However, as Cook is proceeding *pro se*, we construe his pleadings liberally. *Martin–Trigona v. Stewart*, 691 F.2d 856, 858 (8th Cir.1982). Cook contends in his motion that the district court's dismissal was erroneous; thus, we will treat his motion as a notice of appeal. Although this notice of appeal is arguably untimely because sent while Cook's motion for reconsideration was pending before the district court, *see* Appellate Rule 4(a)(4), it was not filed in this court until after the district court denied reconsideration. Given that Cook is proceeding *pro se*, and in the interests of judicial economy, we will treat Cook's appeal as timely filed.

■ On the merits, we agree with the district court that Cook's claims against Sheriff L. Ray, the Sheriff's Department, and the City of St. Louis were properly dismissed as frivolous; Cook merely alleged negligent conduct that cannot, in fact or in law, constitute a violation of § 1983 under *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). As to defendant Montgomery, however, Cook's complaint alleged an intentional refusal to treat his injuries, which can be construed to allege a claim of "deliberate indifference to serious medical needs" under *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). Because it is not apparent from Cook's complaint "that he received extensive medical care and that the doctors were not indifferent to his needs," 429 U.S. at 108 n. 16, 97 S.Ct. at 293 n. 16, we cannot say at this stage of the proceedings that his complaint against Nurse Montgomery has no arguable basis in fact or law within the meaning of

*Neitzke.* Thus, dismissal prior to service as to this defendant was improper.

Accordingly, we remand this case to the district court for the issuance of service of process and for further proceedings consistent with this opinion.