Allen Floyd VAN ORMAN, Appellant,

v.

James PURKETT, Appellee.

No. 93–3611.

United States Court of Appeals,
Eighth Circuit.

Submitted May 10, 1994.

Decided Dec. 28, 1994.

Linda K. Behrmann, St. Louis, MO, for appellant.

Stephen Hawke, Jefferson City, MO, for appellee.

Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

BOWMAN, Circuit Judge.

■ This appeal is the misbegotten offspring of a federal habeas petition filed by a state prisoner. Allen Floyd Van Orman was convicted of sodomy[1] in Jasper County, in the Western District of Missouri. He is incarcerated in the Farmington Correctional Center, in the Eastern District of Missouri. He filed his present petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (1988) (his second such petition[2]) in the United States District Court for the Eastern District of Missouri. The District Court[3] entered an order transferring the case to the Western District pursuant to the Eastern District's standing order and 28 U.S.C. § 2241(d) (1988).[4] Van Orman appeals,

---

1. *State v. Van Orman*, 642 S.W.2d 636, 637 (Mo. 1982).

2. Van Orman's first habeas petition was denied by the District Court for the Western District of Missouri on January 2, 1992. *Van Orman v. Armontrout*, No. 86–0752–CV–W–5–P (W.D.Mo. 1992).

3. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

4. The standing order states: "It is hereby ordered, that absent unusual circumstances, any habeas corpus petition challenging a conviction or sentence arising out of a proceeding in the Western District of Missouri shall be transferred to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 2241(d)." Order of the United States District

Court for the Eastern District of Missouri, January 27, 1986.

The statutory language of 28 U.S.C. § 2241(d) states:
Where an application for a writ of habeas corpus is made by a person in custody ... of a State which contains two or more Federal judicial districts, the application may be filed in the ... district wherein such person is in custody or in the ... district within which the State court ... convicted and sentenced him and each of such district courts shall have concurrent jurisdiction.... The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

claiming that the transfer order was an abuse of the District Court's discretion because the court knew or should have known that all of Van Orman's witnesses are located in the Eastern District.

The state argues that we do not have jurisdiction over this appeal because the transfer order is not a final, appealable order under 28 U.S.C. § 2253 (1988), and that, in any event, Van Orman's notice of appeal was untimely. Though we find that the notice of appeal was not untimely, we agree with the state that the order is not a final, appealable order. We therefore dismiss the appeal for lack of jurisdiction.

## I.

Contrary to the state's arguments, we find that Van Orman timely filed his notice of appeal. On August 13, 1993, Judge Stohr issued an order transferring Van Orman's petition for a writ of habeas corpus from the Eastern District to the Western District of Missouri. The order was entered on August 26, the controlling date under Federal Rule of Appellate Procedure 4(a)(1). On August 19, before the order was entered, Van Orman filed a pleading with the office of the Clerk of this Court that was clerically treated as both a petition for a writ of mandamus and a notice of appeal. The petition for a writ of mandamus was denied by another panel of this court on September 16, 1993.

On September 23, 1993, after Van Orman learned of the denial of his petition for a writ of mandamus, he mailed a notice of appeal to the Eastern District of Missouri. The District Court's docket sheet shows the date of filing as September 28, but, as a prisoner acting pro se, Van Orman gets the benefit of the prison-mailbox rule, under which the effective date of the notice of appeal is the date the prisoner deposits it in the prison mail system for forwarding to the district court. *See* Fed.R.App.P. 4(c); *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 2385, 101 L.Ed.2d 245 (1988). Here, as shown by the certificate of service, that date is September 23. Thus, the notice of appeal was timely filed within 30 days after the entry of the transfer order on August 26, as required by Federal Rule of Appellate Procedure 4(a)(1).

Though his notice of appeal filed on September 23 was timely, Van Orman apparently believed it to be out of time. On October 5, Van Orman filed a timely motion for leave to file a notice of appeal out of time. *See* Fed.R.App.P. 4(a)(5). This motion was unnecessary but was granted summarily by District Court, and had the effect of redundantly validating the September 23 notice of appeal, which all parties appear to have regarded, incorrectly, as not having taken effect until September 28. The state's arguments that Van Orman failed to file a timely notice of appeal are entirely without merit.[5]

## II.

Van Orman appeals the transfer of his habeas petition to the Western District of Missouri pursuant to 28 U.S.C. § 2241(d). We have jurisdiction, pursuant to 28 U.S.C. § 2253, to decide appeals from final orders entered by district courts in habeas proceedings. The question presented is whether a transfer order pursuant to § 2241(d) is a final, appealable order. We hold that it is not.

With regard to transfer orders entered pursuant to other statutes, we have found that such orders are not final and thus are not appealable. *See United States Fire Ins. Co. v. American Family Life Assurance Co.,* 787 F.2d 438, 439 (8th Cir.1986) (per curiam) (dismissing appeal of transfer order from Western District of Missouri to Western District of Georgia as interlocutory and not appealable as a final judgment); *Fischer v. First Nat'l Bank of Omaha,* 466 F.2d 511, 511 (8th Cir.1972) (per curiam) (dismissing appeal and stating that an order by a district court transferring an action to another district pursuant to 28 U.S.C. § 1406(a) is interlocutory and nonappealable). A final order is

---

5. As we find that Van Orman's September 23 notice of appeal was timely, we decline to address whether Van Orman's petition for a writ of mandamus properly could be construed as a notice of appeal in this case. *See In re Cook,* 928 F.2d 262, 263 (8th Cir.1991) (per curiam) (construing as notice of appeal pro se petition for writ of mandamus seeking review of order dismissing prisoner's complaint as frivolous).

"one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) (construing section 128 of the Judicial Code, 28 U.S.C. § 225(a)). The transfer order in the present case does not render judgment on the merits of Van Orman's claim for habeas relief. Thus, the order is not a final, appealable order. *See Dobard v. Johnson,* 749 F.2d 1503, 1506–07 (11th Cir.1985) (transfer pursuant to § 2241(d) between two courts with concurrent jurisdiction is essentially a *forum non conveniens* determination and the transfer is a nonreviewable interlocutory order).

Because the transfer order in the present case is not a final, appealable order, we have no present jurisdiction to review the order.[6] It may be reviewed, however, for abuse of discretion in any appeal that Van Orman may take from the final disposition of his habeas petition.[7] *See Parker v. Singletary,* 974 F.2d 1562, 1581–82 (11th Cir.1992) (per curiam) (court considered, in prisoner's appeal from denial of petition for habeas relief, whether district court abused its discretion in ordering pursuant to § 2241(d) the transfer of the petition to another same-state district with concurrent jurisdiction); *Middlebrooks v. Smith,* 735 F.2d 431, 432–33 (11th Cir.1984).

### III.

There being no final, appealable order disposing of Van Orman's habeas petition, his attempted appeal is dismissed for lack of jurisdiction.

---

**6.** Such an order would be subject to interlocutory review only by means of a petition for a writ of mandamus, which already has been denied in Van Orman's case.

**7.** Pursuant to 28 U.S.C. § 2253 (1988), a state prisoner must obtain a certificate of probable cause before he may take an appeal from the final disposition of his federal habeas petition.