Douglas LAXTON *v.* STATE of Arkansas

CA CR 94-1014                                    899 S.W.2d 479

Court of Appeals of Arkansas
En Banc
Opinion delivered May 31, 1995

*Ernie Witt*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Veda Berger*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted of DWI and related offenses in Ashdown Municipal Court by a judgment entered on the municipal court's docket sheet on March 10, 1993. The appellant filed a document titled "Notice of Affidavit of Appeal" in the Circuit Court of Little River County on April 5, 1993. However, the appellant did not file the record of the municipal court proceedings with the circuit court until April 28, 1993,

more than 30 days after the entry of the municipal court judgment. The appellant was subsequently tried de novo in circuit court and found guilty of DWI. From that decision comes this appeal.

The appellee has moved to dismiss the appellant's appeal, arguing that the appellant's failure to file the municipal court record within the 30-day period prescribed by Inferior Court Rule 9 deprived the circuit court of jurisdiction and that, consequently, there is no basis for an appeal to this Court. We agree.

■ Inferior Court Rule 9, which governs appeals from municipal court to circuit court, requires that such appeals be filed within 30 days of the entry of the judgment by filing the inferior court proceedings with the clerk of the circuit court. This procedure applies to criminal appeals as well as civil appeals. *Alfred* v. *State*, 310 Ark. 476, 837 S.W.2d 469 (1992).

■ The appellant concedes that he failed to file the municipal court transcript within the 30-day period prescribed by Rule 9, but argues that he substantially complied with the Rule's requirement by filing his "Notice of Affidavit of Appeal" in the circuit court. We do not agree. The Arkansas Supreme Court has specifically rejected this argument in *Ottens* v. *State*, 316 Ark. 1, 871 S.W.2d 329 (1994), holding that a notice of appeal is not required in an appeal from municipal court to circuit court and that filing such a notice of appeal within 30 days of the municipal court conviction does not suffice to perfect an appeal.

■ Because the appellant failed to timely file the municipal court record in circuit court, the municipal court judgment became final and the circuit court never gained jurisdiction of the appeal. Insomuch as the present appeal is from the circuit court proceedings, there is nothing before us to review. *See Smith* v. *State*, 316 Ark. 32, 870 S.W.2d 716 (1994).

Appeal dismissed.

JENNINGS, C.J., and MAYFIELD, J., dissent.

MELVIN MAYFIELD, Judge, dissenting. This case involves a circuit court judgment which, after a trial on the merits, found appellant guilty of DWI. Today, the majority of this court has granted the State's motion to dismiss the appellant's appeal from the circuit court judgment. I dissent.

The majority opinion discusses Inferior Court Rule 9 which governs appeals from municipal court to circuit court. The rule requires that such appeals be taken within 30 days of the entry of the municipal court judgment by filing that court's proceedings with the clerk of the circuit court. The majority opinion concludes that because the appellant in this case failed to timely file the municipal court record in circuit court, the municipal court judgment became final, and the circuit court never gained jurisdiction of the appeal. Therefore, the majority holds because the present appeal is from the circuit court proceedings, there is nothing before us to review.

I recognize that both this court and the Arkansas Supreme Court have held that the timely filing of the municipal court record is essential to the circuit court's appellate jurisdiction. However, for the most part, those cases really do not involve the jurisdiction of the Arkansas Supreme Court or Court of Appeals. One of our recent cases has dealt with the question of our appellate jurisdiction in this situation.

In *Jones* v. *City of Flippin*, 47 Ark. App. 102, 886 S.W.2d 875 (1994), the appellant also failed to file the record of the proceeding in municipal court in the circuit court within 30 days of the municipal court's judgment of conviction, and the appellee filed a motion in the circuit court asking that the appeal be dismissed. We recognized that the cases hold that the 30-day period for filing the record is jurisdictional and that the issue may be raised for the first time on appeal. However, because the circuit court entered a judgment based on the evidence presented to it, we held we could not simply dismiss the appeal but that the judgment of the circuit court had to be reversed and set aside.

In *Davis* v. *Adams*, 231 Ark. 197, 328 S.W.2d 851 (1959), the Arkansas Supreme Court said:

> Save where the court is completely without jurisdiction of the subject matter, a party will be *estopped* to question the court's jurisdiction if he invokes it, * * * or accepts benefits resulting from the court's exercise of jurisdiction.

231 Ark. at 202, 328 S.W.2d 854 (emphasis in the original).

And in *Liles* v. *Liles*, 289 Ark. 159, 711 S.W.2d 447 (1986), our supreme court said:

> Viewed together, these cases demonstrate that we have come to the position that unless the chancery court has no tenable nexus whatever to the claim in question we will consider the matter of whether the claim should have been heard there to be one of propriety rather than one of subject matter jurisdiction. We will not raise the issue ourselves, and we will not permit a party to raise it here unless it was raised in the trial court.

289 Ark. at 175-76, 711 S.W.2d at 456. *See also In Re Adoption of D.J.M.*, 39 Ark. App. 116, 839 S.W.2d 535 (1992).

Since it is without question that a circuit court in Arkansas has subject matter jurisdiction to hear and determine cases involving violations of criminal statutes, it cannot be said that the circuit court's jurisdiction in the instant case was totally lacking.

Therefore, in a situation like the instant case I would not dismiss the appeal from circuit court unless the issue was raised in that court. This is in keeping with the general rule that we do not consider issues that are not raised below. Moreover, to allow the State to go to trial in circuit court without raising an issue there about the validity of the municipal court appeal but allow the State to raise that issue on appeal to our supreme court or court of appeals, will let the State gamble on the result of the circuit court trial. In any event, failure to raise the issue in circuit court will promote judicial inefficiency.

I would not dismiss this appeal, but would decide it on the merits.

JENNINGS, C.J., joins in this dissent.