Keith PACE *v.* Tommy CASTLEBERRY

CA 99-397                                    7 S.W.3d 347

Court of Appeals of Arkansas
Division I
Opinion delivered December 22, 1999

*The Harper Law Office, PLLC,* by: *Kenneth A. Harper* and *Greg Fallon,* for appellant.

No response.

WENDELL L. GRIFFEN, Judge. In this one-brief case, Keith Pace appeals from the order of the Bradley County Circuit Court dismissing his appeal from the Bradley County Municipal Court. The circuit judge found that Pace failed to perfect his appeal in the manner prescribed by Rule 9 of the Arkansas Inferior Court Rules. Specifically, the record of the municipal court proceeding was not lodged within thirty days, and Pace's notice of appeal failed to aver that the court clerk neglected to lodge the record within the thirty-day period.

The record shows that appellee Tommy Castleberry filed suit against Pace in the Bradley County Municipal Court alleging entitlement to $580 for brickwork Castleberry performed for Pace. On September 22, 1998, the municipal judge entered an order finding for Castleberry, and on October 21, 1998, Pace filed a notice of appeal to the circuit court for a full *de novo* review. Pace subsequently filed a counterclaim on November 5, 1998, alleging that Castleberry's brickwork exemplified poor workmanship.

The record from the municipal court proceeding was lodged on October 23, 1999, thirty-one days from the entry of the municipal court order. On November 24, 1998, Castleberry filed a motion to dismiss Pace's appeal because the transcript was not filed within thirty days and Arkansas Inferior Court Rule 9(c) was not complied with in order to extend the time to perfect the appeal. On January 7, 1999, the Bradley County Circuit judge entered an order finding that the appeal filed by Pace was not timely; consequently, the judge dismissed the appeal to circuit court with prejudice. Pace now appeals that dismissal.

On appeal, Pace argues that under *Rogers v. Tudor Ins. Co*, 325 Ark. 226, 925 S.W.2d 395 (1996), only substantial compliance with Rule 9(c) is required in order to adequately perfect an appeal. His notice of appeal to circuit court reads:

> Comes now Defendant, Keith Pace, by and through his attorneys of record, The Harper Law Office, and hereby gives Notice that Defendant appeals to this court from the judgment entered by the Municipal Court of Bradley County, Arkansas on September 22, 1998, having the Municipal Court number 98386.

> Defendant hereby attaches to and incorporates or will soon have forwarded to be incorporated by reference the entire record of the

Municipal Court of Bradley County, as that record was prepared by the Municipal Court Clerk.

The notice was filed October 21, 1998. Attached to the notice of appeal was the affidavit of Greg Fallon, attorney for Pace. The affidavit, also filed October 21, 1998, read as follows:

> I am the attorney for the Defendant in the above matter. ... I have on this day requested the Municipal Clerk of Bradley County, Arkansas to prepare and certify the records of the inferior court proceeding herein for appeal. I make this statement pursuant to Arkansas Inferior Court rule 9(c).

The circuit court judge dismissed the appeal on the ground that the affidavit did not explicitly state that the clerk negligently failed to complete the record as required by the rule. Pace contends that this notice of appeal and affidavit, filed on the 29th day after the entry of judgment, constitutes substantial compliance with Rule 9(c) and adequately preserved his right of appeal.

■ Arkansas Inferior Court Rule 9 governs appeals from municipal court to circuit court and requires that such appeals be filed within thirty days of the entry of the judgment by filing the inferior court proceedings with the clerk of the circuit court. It is both mandatory and jurisdictional procedure to properly bring the matter before the circuit court, *Linberry v. State*, 322 Ark. 84, 907 S.W.2d 705 (1995), and this applies to criminal as well as civil appeals. *Laxton v. State*, 46 Ark. App. 148, 899 S.W.2d 479 (1995). In pertinent part, the rule reads as follows:

> (a) *Time for Taking Appeal.* All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

> (b) *How Taken.* An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and upon payment of any fees authorized by law therefor. The appellant shall have the responsibility of filing such record in the office of the circuit clerk.

> (c) When the clerk of the inferior court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a

> record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the inferior court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court [or the inferior court] to prepare and certify the records thereof for purposes of appeal and that the clerk [or the court] has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the inferior court [or the court] and the adverse party.

Our courts have held that under this rule, a filing of a notice of appeal is not required in an appeal from municipal court to circuit court; that merely filing such a notice of appeal within thirty days of the municipal court judgment does not suffice to perfect the appeal. *Ottens v. State*, 316, Ark. 1, 871 S.W.2d 329 (1994); *Laxton v. State, supra.*

■ Thus, under Arkansas Inferior Court Rule 9, the appellant has the burden of requesting the clerk to prepare and certify the record of the inferior court proceedings; the appellant is also charged with the responsibility of filing said record in the office of the circuit clerk. Arkansas Inferior Court Rule 9 (b). Alternatively, the appellant must file an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court to prepare and certify the record for purposes of appeal and that the clerk has neglected to prepare and certify such record for purposes of appeal. Failure to do so precludes the circuit court from having jurisdiction over the appeal. *See Board of Zoning Adjustment v. Cheek*, 328 Ark. 18, 942 S.W.2d 821 (1997).

The case cited by Pace, *Rogers v. Tudor Ins. Co, supra,* stands for the proposition that substantial compliance is required to comply with Ark. R. App. P. 3(e). It does not address Inferior Court Rule 9. The rule clearly provides that the appellant must either actually lodge the record in the circuit court, or file an affidavit with the circuit court clerk stating that he has requested the inferior court clerk to prepare the record and the clerk has neglected to prepare and certify that record for purposes of appeal. Arkansas Inferior Court Rule 9(c). The affidavit submitted by Pace did not allege that the inferior court clerk neglected to file the record. Unless we are to construe the explicit language in Rule 9(c) that mandates such language be included in the affidavit to be mere surplusage, we

must reject Pace's argument that the affidavit submitted by his counsel substantially complied with the rule.

 We are unable to dismiss the clear language of Rule 9(c) as Pace proposes. Accordingly, we hold that Pace's affidavit did not comply with the procedure prescribed by the rule, and that the circuit court properly dismissed his appeal.

Affirmed.

HART, J., and HAYS, Sp.J., agree.