# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2681

_____

Roy Edward Franklin,

        Appellant,

      v.

Dick Busby, Sheriff of
Crittenden County,

        Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeal from the United States
District Court for the
Eastern District of Arkansas.

[UNPUBLISHED]

_____

Submitted: November 16, 2004
Filed: January 24, 2005

_____

Before RILEY, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

After being sentenced to a year's imprisonment for loitering and possession of drug paraphernalia by the District Court of West Memphis, Arkansas, Roy Edward Franklin brought a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The United States District Court for the Eastern District of Arkansas[1] dismissed with

---

[1]The Honorable J. Thomas Roy, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

prejudice Franklin's petition, concluding that Franklin's failure to pursue an appeal of his state conviction procedurally barred him from federal habeas relief. Because Franklin failed to file a notice of appeal within 30 days of entry of judgment by the federal district court, we are obliged to dismiss this appeal for lack of jurisdiction.

## I. BACKGROUND

On June 28, 2002, Roy Edward Franklin, the petitioner, first appeared before the District Court of West Memphis, Arkansas on misdemeanor charges of loitering and possession of drug paraphernalia. On September 6, 2002, Franklin pled no contest to both charges. Franklin was sentenced to a term of one year's imprisonment, a fine of $1,000, and costs of $100.

Franklin could have appealed his conviction from the state district court and obtained a trial de novo in the state circuit court. Ark. Inf. Ct. R. 9; *Laxton v. State*, 899 S.W.2d 479, 480 (Ark. App. 1995) ("[Inferior Court Rule 9] applies to criminal appeals as well as civil appeals."). Rather than seek a direct appeal to the Crittenden County Circuit Court, Franklin chose to pursue state post-conviction relief from that court. Ark. R. Crim. P. 37.2(c). For a variety of reasons, this petition was never considered by the state circuit court.

Consequently, Franklin sought recourse in the federal courts, filing a petition for habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, he claims that he was never offered counsel by the District Court of West Memphis nor did he voluntarily waive his right to counsel.

The federal district court dismissed with prejudice Franklin's habeas petition on March 21, 2003, finding that there was not good cause to excuse the procedural default resulting from Franklin's failure to appeal his state conviction. Within 30 days of the entry of judgment, Franklin placed in the prison mail system a filing

entitled "Response to Order."[2]  On June 24, 2003, 94 days after the federal district court dismissed with prejudice his habeas petition, Franklin filed a document entitled "Notice of Appeal."  The federal district court construed the notice as a motion for a certificate of appealability and held that a certificate of appealability should not issue.  This Court, however, issued a certificate of appealability on January 13, 2004, and appointed counsel under the Criminal Justice Act.

## II.    DISCUSSION

The primary consideration in any appeal is whether the court has jurisdiction to hear the appeal.  Rule 4(a) of the Federal Rules of Appellate Procedure requires that a party bringing an appeal must file a notice of appeal within 30 days after the federal district court's entry of order or judgment.  This jurisdictional requirement is mandatory, thereby depriving the appellate court of jurisdiction when the appealing party does not comply.  28 U.S.C. § 2107; Fed. R. App. P. 4(a)(1).  An appeal will not, however, be dismissed for informality of form or title.  Fed. R. App. P. 3(c)(4); *see also* Advisory Committee Notes to Rule 3, 1979 Amendment ("[I]t is important that the right to appeal not be lost by mistakes of mere form. . . . [S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with.").  Further, the Court will construe a pro se petitioner's notice of appeal liberally where "an intent to appeal the judgment in question [is] apparent and there [is] no prejudice to the adverse party." *Berdella v. Delo*, 972 F.2d 204, 207-08 (8th Cir. 1992); *see, e.g., In re Cook*, 928 F.2d 262, 263 (8th Cir. 1991) (per curiam) (construing a pro se prisoner's motion for writs of mandamus and prohibition as a notice of appeal).

[2]The issue of this Court's jurisdiction under Rules 3 and 4 of the Federal Rules of Appellate Procedure was first raised in Respondent's brief.  We will grant Appellant's Motion to Supplement Designated Record with Franklin's Response to Order and, as a result, will consider whether Franklin's Response to Order suffices as a notice of appeal as he argues in his reply brief.

Judgment in this case was entered on March 21, 2003. Ninety-four days later, Roy Edward Franklin filed a document entitled "Notice of Appeal." There is little question that this document served as a notice of appeal. The Court may not, however, take jurisdiction based on this notice of appeal because it was filed sixty-four days after the expiration of the 30-day period created by Rule 4(a). "The 'mandatory and jurisdictional' requirement that an appellant file a timely notice of appeal can operate harshly." *Faysound Ltd. v. Falcon Jet Corp.*, 940 F.2d 339, 345 (8th Cir. 1991) (quoting *United States v. Robinson*, 361 U.S. 220, 224 (1960)). Punctilious compliance with the jurisdictional requirements of Rule 4(a), however, is required even of pro se petitioners. *See Turner v. Armontrout*, 922 F.2d 492, 493-94 (8th Cir. 1991).

In an attempt to overcome this difficulty, Franklin directs the Court's attention to his references to "a higher court" in his "Response to Order," which is deemed to have been filed within Rule 4(a)'s 30-day time period. He argues that the Response to Order is the functional equivalent of a notice of appeal. "Whether a particular type of document is the functional equivalent of a notice of appeal may depend on its content and surrounding circumstances rather than on any general rule." *Campiti v. Matesanz*, 333 F.3d 317, 320 (1st Cir. 2003); *see also Berdella*, 972 F.2d at 207-08 (stating that a document is the functional equivalent of a notice of appeal where it gives the pertinent information and evinces an intent to appeal). We may not, however, rely on the petitioner's motivation for making the filing. *Smith v. Barry*, 502 U.S. 244, 248 (1992). "While a notice of appeal must specifically indicate the litigant's intent to seek appellate review, the purpose of this requirement is to ensure that the filing provides sufficient notice to other parties and the courts." *Id.* (citations omitted). Therefore, the notice afforded by the filing is determinative of whether it is sufficient as a notice of appeal. *Id.* at 248-49.

Based on this legal standard and having thoroughly analyzed the Response to Order, we conclude that it is insufficient to serve as the functional equivalent of a

notice of appeal. The document does not indicate an intent to appeal from the federal district court's judgment. Nowhere in the Response to Order does Franklin mention an appeal to this or any other appellate court. Indeed, his two mentions of "a higher court" appear to refer to the federal district court, rather than to an appellate court.[3] The Response to Order does not ask that the federal district court or the respondent take notice of his desire to appeal, nor did the court or the parties treat it as a notice of appeal.[4] Instead, the Response to Order systematically challenges the federal district court's order dismissing his petition for habeas relief. Even giving Franklin the benefit of liberal construction, the only reasonable conclusion is that the

---

[3]In his Response to Order, an eight-paged, single-spaced, hand-written document, Franklin makes two references to "a higher court." He writes:

18. Petitioner contends that the Respondents contention that petitioner is procedurally barred from pursuing this matter in a higher court is a failure by those . . . in [the] Community. . . .

19. Petitioner contendes, having submitted in writing his complaint . . . to state Authorities and their failure to respond in a timely manner forfeits the states interest in this matter, thus allowing petitioner to seek adjudication in a higher court.

Placed in the context of the Response to Order, these references to "a higher court" appear to refer to the federal district court as "a higher court" than the state circuit court. There is no reasonable reading that would suggest that Franklin is referring to this Court.

[4]Though not dispositive, our conclusion that the Response to Order was not intended to serve as a notice of appeal is supported by Franklin's subsequent filing of a proper notice of appeal.

"Response to Order" is more akin to a motion to reconsider[5] than to a notice of appeal. We conclude that the Response to Order is not the functional equivalent of a notice of appeal.

## III.    CONCLUSION

Because Franklin's Notice of Appeal was not filed timely and because he did not file the functional equivalent of a notice of appeal within 30 days of the entry of judgment, the Court is without jurisdiction. Accordingly, the appeal is dismissed.

_____

---

[5]A motion to reconsider, whether properly characterized as a motion made under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure, may toll the time to file a notice of appeal. Fed. R. App. Pro. 4(a)(4)(A). Even if we were to construe the Response to Order as a motion to amend or alter the judgment or as a motion for relief from judgment, Franklin failed to file it within ten days from the entry of judgment as required by Fed. R. Civ. P. 59(e) or Fed. R. App. Pro. 4(a)(4)(A)(vi), respectively. *United States v. Duke*, 50 F.3d 571, 574 (8th Cir. 1995) ("If [the petitioner's] motion for reconsideration was not served within ten days of the entry of judgment, it would not trigger the tolling effect of Rule 4(a)(4).").