Cite as 2020 Ark. App. 440

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.** CR–20–106

| | | |
|---|---|---|
| SHAWN COLLINS | | **Opinion Delivered:** September 30, 2020 |
| | APPELLANT | |
| | | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT |
| V. | | [NO. 73CR-19-698] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ROBERT EDWARDS, JUDGE |
| | | AFFIRMED |

**RITA W. GRUBER, Chief Judge**

Appellant Shawn Collins appeals from a decision of the White County Circuit Court finding him guilty of second–degree assault. For reversal, appellant argues that the circuit court lacked jurisdiction over his appeal from the White County District Court because the affidavit filed by his trial counsel did not comply with Rule 36(d) of the Arkansas Rules of Criminal Procedure. We affirm.

The conviction in this case arose out of a domestic dispute between appellant and his wife. Appellant does not challenge the sufficiency of the evidence to support his conviction. Rather, he challenges the jurisdiction of the circuit court to hear his appeal, which resulted in a less favorable disposition than his district court case. Because the issue on appeal is limited to jurisdiction, a recitation of the facts is not necessary to our decision. What is necessary is a summary of the procedural history and details thereof.

Appellant was charged in the White County District Court of third-degree domestic battering and subsequently found guilty of first-degree assault on August 22, 2019. He was ordered to pay fines, costs, and fees totaling $630. On September 11, 2019, appellant's counsel filed a notice of appeal and designation of the record in the district court, which stated that appellant had ordered the record from the district court clerk and the transcript from the court reporter. On September 30, 2019, appellant's trial counsel filed an affidavit in the circuit court providing:

1. That I, Justin Mercer, am filing this Affidavit pursuant to Rule 36(d) of the Arkansas Rules of Criminal Procedure.

2. That I, Justin Mercer, filed a Notice to Appeal in the District Court of White County on September 11, 2019, to appeal the conviction Shawn Collins for DOMESTIC BATTERING-3rd DEGREE,[1] in violation of A.C.A. § 5-26-305(b)(1), case number SES-19-1443; entered on the 22nd day of August, 2019.

3. The District Clerk failed to prepare and certify a record for filing in the Circuit Court in a timely manner.

4. Today is the 39th day since the conviction was entered.

The affidavit was served on both the prosecutor and the district court clerk. That same day, the district court clerk filed the record in the circuit court, along with a letter, providing:

Justin Mercer, attorney for Mr. Collins, filed a Notice of Appeal with our office in a timely manner (September 11, 2019). I, the Clerk of the Court, failed to prepare and certify the record for filing in the Circuit Court in a timely manner. I understand that the law allows for an extension of ten (10) days if the error is on the part of the Clerk. Today, September 30, 2019, is the 39th day (postconviction) and I have prepared the record for filing.

---

[1]We note that although appellant was charged in the district court with third-degree domestic battering, he was found guilty of first-degree assault.

Following a bench trial, appellant was convicted of second-degree assault and sentenced to thirty days in the county jail and ordered to pay fines, costs, and fees totaling $750. This timely appeal followed.

Court rules governing appeals to the circuit court are mandatory and jurisdictional. *Treat v. State*, 2019 Ark. 326, at 5, 588 S.W.3d 10, 13. Strict compliance with the rules is required in order for the circuit court to obtain jurisdiction. *Id.* When a circuit court lacks jurisdiction, we do not acquire jurisdiction on appeal. *City of N. Little Rock v. Pfeifer*, 2017 Ark. 113, at 4, 515 S.W.3d 593, 596.

Appellant argues that the circuit court did not acquire jurisdiction over his appeal from district court because the affidavit filed by his trial counsel did not comply with Rule 36(d) of the Arkansas Rules of Criminal Procedure. Rule 36, which governs criminal appeals from district court to circuit court, provides in pertinent part:

> (a) *Right to Appeal.* A person convicted of a criminal offense in a district court, including a person convicted upon a plea of guilty, may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred. The state shall have no right of appeal from a judgment of a district court.

> (b) *Time for Taking Appeal.* An appeal from a district court to the circuit court shall be filed in the office of the clerk of the circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment in the district court. The 30-day period is not extended by the filing of a post-trial motion under Rule 33.3.

> (c) *How Taken.* An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when

3

the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(d) *Failure of Clerk to File Record.* If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

Under the rule, there are two ways that a circuit court can acquire jurisdiction over an appeal from district court. In one method, a party must file the certified record of the district court proceedings within thirty days from the date the judgment was entered in the district court. Ark. R. Crim P. 36(b)−(c). The circuit court acquires jurisdiction upon the filing of the certified record of the district court proceedings in the office of the circuit clerk. Ark. R. Crim. P. 36(c). The second way is under Rule 36(d), which our supreme court recently addressed in *Treat, supra*:

[T]he plain language of subsection [(d)] provides that if the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the Rule places a duty upon the defendant to do two things. First, the defendant must file an affidavit in the office of the circuit clerk, within forty days from the date of the entry of the judgment in the district court, showing (a) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (b) that the clerk has not done so within thirty days from the date of the entry of the judgment in the district court. Second, the defendant shall promptly

4

serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. Once these two things are satisfied, the Rule plainly states that "[t]he circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit."

*Treat*, 2019 Ark. 326, at 8, 588 S.W.3d at 15.

Here, appellant filed his appeal pursuant to Rule 36(d). He now argues that the affidavit filed by his own trial counsel did not meet the requirements because it failed to state that he requested the district court clerk to prepare and certify the record for purposes of appeal. The affidavit, which was timely filed on September 30, provided in part that (1) a "Notice of Appeal" was filed in the District Court of White County on September 11, 2019, from the judgment entered August 22, 2019, and (2) the district clerk failed to prepare and certify a record for filing in the circuit court in a timely manner. Appellant contends that because the affidavit failed to state that he asked the district clerk to prepare and certify the record, the circuit court did not acquire jurisdiction.

In addition to *Treat*, *supra*, appellant also cites *Pace v. Castleberry*, 68 Ark. App. 342, 7 S.W.3d 347 (1999), in support of his argument. *Pace* involved Inferior Court Rule 9, which previously governed both criminal and civil appeals from district court.[2] Rule 9(c) also provided a method to perfect an appeal that was similar to Rule 36(d), which required, in part, an affidavit to be filed with the circuit clerk "showing that he has requested the clerk of the inferior court (or the inferior court) to prepare and certify the records thereof for purposes of appeal and that the clerk (or the court) has neglected to prepare and certify such

---

[2]Before the adoption of Rule 36, appeals from limited-jurisdiction courts to circuit court were governed by District Court Rule 9 (formerly Inferior Court Rule 9) and various statutory provisions. *See* Ark. R. Crim. P. 36 reporter's notes (2017). The Inferior Court Rules were renamed the District Court Rules. *See* Dist. Ct. R. 1 reporter's notes (2017).

record for purposes of appeal." *Pace*, 68 Ark. App. at 345, 7 S.W.3d at 349 (quoting Inferior Court Rule 9(c)). The affidavit in *Pace* failed to provide that that the inferior court clerk neglected to file the record, and we affirmed the circuit court's dismissal of the appeal. *Id*. Appellant argues that like *Pace* the affidavit in the present case contained only one of the two required statements, specifically that appellant asked the clerk to prepare the record. He also suggests that *Treat* bolsters his argument because there, the supreme court stated that the requirements of Rule 36(d) are jurisdictional. *Treat*, 2019 Ark. 326, at 8, 588 S.W.3d at 15.

In *Treat*, the supreme court held that "[t]he record demonstrates that Treat did file an affidavit with the required information and served the clerk of the district court and the prosecuting attorney with the affidavit to place jurisdiction in the circuit court." *Treat*, 2019 Ark. 326, at 8–9, 588 S.W.3d at 15. Following his November 17, 2017 DWI conviction, Treat faxed a letter and notice of appeal to the district clerk on December 4, 2017, requesting that the clerk file mark the notice of appeal and prepare a certified copy of the record. *Id*. at 1, 588 S.W.3d. at 11. The letter and notice of appeal were also mailed to the clerk. *Id*. When the record had not been certified within thirty days, Treat filed an affidavit on December 21, 2017, stating that "a letter and notice of appeal" were mailed to the district clerk on December 4, 2017, and the clerk had failed to timely prepare the record for filing. *Id*.

Appellant suggests that unlike *Treat*, there were no attachments to the affidavit that supplied the necessary requirements. The State responds by noting that our recent decision in *Pettry v. State*, 2020 Ark. App. 162, 595 S.W.3d 442, which overruled previous decisions

holding that strict compliance with each provision of Rule 36 was jurisdictional, held that not "every step or command in a rule of procedure established a jurisdictional event." *Id.* at 8, 595 S.W.3d at 448. In light of *Pettry*, the State contends that the only jurisdictional event in Rule 36(d) is the filing of the affidavit itself, suggesting that the contents of the affidavit are not jurisdictional. The State also cites *Velek v. State*, 364 Ark. 531, 222 S.W.3d 182 (2006), for the same proposition. In *Velek*, however, the issue was whether the wording of the affidavit must mirror the language of Rule 36(d). The court held that the language did not have to mirror the rule and that the language in the affidavit was sufficient where it provided the clerk "specifically and expressly informed me that she would not provide me with the necessary transcript required for an appeal unless and until the $500 bond was first paid."[3] *Velek*, 364 Ark. at 537, 222 S.W.3d at 187.

In addition, the State contends that appellant's affidavit is substantially similar to Treat's because it noted that a notice of appeal was filed from the district court judgment. Because the supreme court concluded that "[t]he record demonstrates that Treat did file an affidavit with the required information," *Treat*, 2019 Ark. 326, at 8, 588 S.W.3d at 15, the State argues that other documentation in the record may be considered in determining that the content requirements of Rule 36 were satisfied because the affidavit provided that the district court clerk failed to timely file the record, and other documentation (notice of appeal

---

[3]The facts in *Velek* indicate that the affidavit stated that a notice of appeal and designation of the record was filed with the Little Rock district clerk. The issue in *Velek* related only to the second part of the affidavit's showing—that the clerk failed to timely prepare the record.

and the district court clerk's letter to the circuit clerk) showed that counsel timely requested the clerk to prepare the record.

The statement in *Treat* that "[t]he record demonstrates that Treat did file an affidavit with the required information," *id.*, does not suggest that the appellate court can look to the record to see if appellant made the request of the clerk to prepare and certify the record as the State contends. Rather, the statement stands for the proposition that information in a document that is referenced in the affidavit and is part of the record may be considered.

We know these facts from the majority opinion in *Treat*:

Treat filed an affidavit pursuant to Rule 36(d) of the Arkansas Rules of Criminal Procedure stating that "a letter and Notice of Appeal was mailed to the Rose Bud District Court Clerk on December 4, 2017. . . . To date, the Rose Bud District Clerk has not prepared the record to be filed with the White County Circuit Court."

. . . .

Pursuant to Rule 36(d), the affidavit provided that the clerk had failed to timely prepare the certified record for filing in the circuit court. The affidavit, along with a copy of the notice of appeal, was sent to the circuit court on December 18, 2017, and it was filed on December 21, 2017.

*Treat*, 2019 Ark. 326, at 2–3, 588 S.W.3d at 11–12. Considering these facts, the majority concluded:

The record demonstrates that Treat did file an affidavit with the required information and served the clerk of the district court and the prosecuting attorney with the affidavit to place jurisdiction in the circuit court.

Accordingly, based on our discussion above, the filing of Treat's affidavit triggered jurisdiction of his appeal from the district court and strictly complied with Rule 36(d) to commence an appeal from the district court to the circuit court.

*Id.* at 8–9, 588 S.W.3d at 15–16. Nowhere does the majority opinion state that the notice of appeal or letter referenced in the affidavit were attached to the affidavit. However, the

8

*Treat* majority held that the affidavit had the required information, and the filing of the affidavit "triggered jurisdiction" and "strictly complied with Rule 36(d)." *Id.* at 9, 588 S.W.3d at 16. The majority in *Treat* appeared to have considered both the notice of appeal and the letter referenced in the affidavit to determine that it made the appropriate "showing" required by Rule 36(d).

In the present case, the affidavit provided that a notice of appeal had been filed. The record reflects that the notice of appeal was, in fact, filed and timely requested the clerk to prepare the record. What is even stronger in the present case is the fact that counsel attested to having filed the notice of appeal (as opposed to mailing it as in *Treat*), which assured that the request to prepare the record had been made timely. In conclusion, we affirm.

Affirmed.

VAUGHT and MURPHY, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

9