Cite as 2019 Ark. 326

# SUPREME COURT OF ARKANSAS

**No.** CR-18-750

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered:** November 14, 2019 |
| ROY TREAT | | |
| | APPELLANT | |
| | | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CR-17-861] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE ROBERT EDWARDS, JUDGE |
| | | |
| | | REVERSED AND REMANDED; COURT OF APPEALS' OPINION VACATED. |

**KAREN R. BAKER, Associate Justice**

This appeal stems from an appeal sought by appellant, Roy Treat, from the White County District Court to the White County Circuit Court. On November 17, 2017, the White County District Court convicted Treat of driving while intoxicated (DWI) and for a speeding violation. On December 4, 2017, Treat's counsel faxed a letter and a notice of appeal to the Rose Bud District Court clerk, requesting that the clerk file-mark the notice of appeal and prepare a certified copy of the docket sheet, bond, and any other documents contained in the district court file in accordance with Arkansas Rule of Criminal Procedure 36. The letter and notice of appeal were also mailed to the clerk, along with a self-addressed, postage-paid envelope.

On December 18, 2017, the Rose Bud Circuit Clerk's Office had not certified the record within thirty days of judgment. On December 21, 2017, Treat filed an affidavit pursuant to Rule 36(d) of the Arkansas Rules of Criminal Procedure stating that "a letter and Notice of Appeal was mailed to the Rose Bud District Clerk on December 4, 2017. . . . To date, the Rose Bud District Clerk has not prepared the record to be filed with the White County Circuit Court." Subsequent to this letter, the Rose Bud District Court certified a copy of the docket sheet and record.

The record demonstrates that the Rose Bud Chief of Police, Officer Steven Schaumleffel, testified that on December 4, 2017, Treat faxed his notice of appeal, but there was no district court clerk at that time. The position was vacant. Schaumleffel testified that the former clerk left on September 15, 2017, and the new clerk did not start until December 6, 2017. Further, Schaumleffel testified that when he received the fax on December 4, 2017, he had "never received a fax before and did not understand it," so he called the city attorney. Schaumleffel testified that he decided to wait and see if he received the mailed copy of the letter and the notice of appeal. Schaumleffel testified that he received the letter and affidavit on December 21, 2017 and sent the certified copy of the docket sheet to Treat's counsel that same day.

The record also demonstrates that in addition to faxing and mailing the letter and notice of appeal, Treat's counsel stated in the hearing that he called the Rose Bud District Court to ask if there was anything else that was needed in order to prepare the certified docket sheet. Treat's counsel stated that because there was no clerk at that time, he spoke with the Mayor's assistant and was advised that the city attorney was handling the

2

paperwork. Subsequent to this conversation, on December 18, 2017, when Treat's counsel did not receive the certified docket sheet, which was the thirty-day deadline to file the docket sheet with the circuit court in order to appeal under Rule 36, Treat's counsel prepared an affidavit pursuant to Rule 36(d). Pursuant to Rule 36(d), the affidavit provided that the clerk had failed to timely prepare the certified record for filing in the circuit court. The affidavit, along with a copy of the notice of appeal, was sent to the circuit court on December 18, 2017, and it was filed on December 21, 2017. He also sent the certified docket sheet to the circuit court after receiving it from the district court. On December 27, 2017, Treat filed his notice of appeal in the White County District Court.

On March 22, 2018, the State filed a motion to dismiss the appeal, contending that the circuit court lacked jurisdiction because the appeal was not timely filed. Treat responded and objected to the State's timeliness argument. The State replied, contending that the appeal was untimely and also asserted that Treat had not paid the $5 fee that was required when requesting a district court to certify a record to circuit court.

On April 25, 2018, the circuit court conducted a hearing. At the conclusion of the hearing, the circuit court agreed with the State, finding that Treat's failure to comply with Rule 36(c) and pay a certification fee was contrary to Rule 36(c), and the clerk was therefore not required to prepare and certify the record within thirty days. In other words, because Treat did not comply with subsection (c), the court found that Treat was not able to trigger subsection (d) to perfect his appeal. Therefore, the circuit court found that the appeal must be dismissed for lack of jurisdiction.

On May 3, 2018, before the circuit court entered a written order, Treat filed an objection to proposed order, a motion to reconsider, and a brief in support. Treat attached exhibits containing information that he had received from district courts through a Freedom of Information Act request in White County regarding their collection of certification fees. The Freedom of Information Act results demonstrated that fees had been collected in less than 7 percent of cases that were appealed to the circuit court during the previous three years.

On May 21, 2018, the circuit court entered an order dismissing Treat's appeal for lack of jurisdiction. Treat filed a timely notice of appeal in the court of appeals, which agreed with the circuit court and dismissed the appeal for lack of jurisdiction. *Treat v. State*, 2019 Ark. App. 212, 574 S.W.3d 221. Treat filed a petition for review, which we granted. When we grant a petition for review, we treat the appeal as if it had originally been filed in this court. *Whalen v. State*, 2016 Ark. 343, 500 S.W.3d 710.

Treat presents one point on appeal: The circuit court erred in dismissing Treat's appeal of his conviction in district court as untimely pursuant to Ark. R. Crim. P. 36(c), when it was timely filed pursuant to Rule 36(d). We agree for the reasons that follow.

Treat contends that the circuit court erred in dismissing Treat's appeal of his conviction in district court as untimely pursuant to Ark. R. Crim. P. 36(c), when it was timely filed pursuant to Rule 36(d). The issue before us requires us to interpret Rule 36. Upon review, "when we construe the meaning of a court rule, our standard of review is de novo as it is for this court to determine what a rule means. *Richard v. Union Pac. R.R. Co.*, 2012 Ark. 129, 388 S.W.3d 422. We construe court rules using the same means and canons

of construction used to interpret statutes. *Id*. The first rule in considering the meaning and effect of a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *McNabb v. State*, 367 Ark. 93, 238 S.W.3d 119 (2006). When the language is plain and unambiguous, there is no need to resort to rules of statutory construction, and the analysis need go no further. *Richard*, 2012 Ark. 129, 388 S.W.3d 422. In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id*." *Taylor v. Biba*, 2014 Ark. 22, at 2–3. "We reconcile provisions to make them consistent, harmonious, and sensible in an effort to give effect to every part." *Id*. at 2. Our standard of review is de novo, as it is for this court to determine what a statute or rule means. *Id*. We have held that rules governing appeals to circuit court are mandatory and jurisdictional. *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913. We have therefore required strict compliance with the rules in order for the circuit court to obtain jurisdiction. *See Taylor, supra*.

We now turn to the applicable law. At issue is Rule 36 of the Arkansas Rules of Criminal Procedure, which provides in pertinent part:

> (a) Right to Appeal. A person convicted of a criminal offense in a district court, including a person convicted upon a plea of guilty, may appeal the judgment of conviction to the circuit court for the judicial district in which the conviction occurred. The state shall have no right of appeal from a judgment of a district court.

> (b) Time for Taking Appeal. An appeal from a district court to the circuit court shall be filed in the office of the clerk of the circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment in the district court. The 30-day period is not extended by the filing of a post-trial motion under Rule 33.3.

(c) How Taken. An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(d) Failure of Clerk to File Record. If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

Also, at issue is Ark. Code Ann. § 16-17-124, which provides in its entirety:

(a) When required to make a certification of disposition of court proceedings, including without limitation certified copies of the docket, certified copies of civil or small claims judgments, and appeal transcripts, the district court shall collect a fee of not less than five dollars ($5.00) per case for preparation of the original.

(b) All funds derived from the fee shall be paid into the general fund of the treasury of each political subdivision that contributes to the expenses of the district court based on the percentage of the expenses contributed by the

6

political subdivision to be appropriated for any permissible use in the administration of the district court.

With these standards in mind, here, the issue is whether the circuit court erred in granting the State's motion to dismiss based on the circuit court's lack of jurisdiction. In its May 3, 2018 order, the circuit court stated in pertinent part:

> The defendant's attorney faxes a Notice of Appeal to the Rose Bud District Court on December 4, 2017. The fax transmittal requested a certified copy of the Defendant's docket sheets. The court did not receive a "hard copy" of the faxed documents until December 21, 2017 and further never received the $5.00 payments for the required fee set forth in Rule 36(c) Arkansas Rules of Criminal Procedure and ACA § 16-17-124.

> The docket sheet from Rose Bud District Court with respect to the defendant's conviction was not filed with the White County Circuit Clerk until December 27, 2017.

> Since the Defendant did not pay to the district court the $5.00 fee required by ACA § 16-17-124, there was no obligation on the part of the district court to prepare and certify a docket sheet pursuant to Rule 36 Arkansas Rules of Criminal Procedure and the affidavit executed by the defendant's attorney on December 18, 2017 and filed with the circuit clerk on December 21, 2017 is ineffective for the purpose of extending the 30 day deadline required by Rule 36 Arkansas Rules of Criminal Procedure since the defendant had not paid the mandatory fee.

> The defendant's appeal pursuant to Rule 36 of the Rules of Criminal Procedure is hereby dismissed.

Treat contends that the circuit court erred in its interpretation of Rule 36(d) and asserts that the plain language of Rule 36(d) confers jurisdiction upon the circuit court when, within forty days from the entry of judgment, a defendant files an affidavit stating that he requested that the district court clerk prepare a certified copy of the record and that preparation of the record and transmittal did not occur within thirty days. Treat further asserts that "Rule 36(d) does not mention, at any point, that the defendant must pay a $5.00

7

fee in order for this provision to apply. Nor does the statute state that the request for the clerk to prepare a certified copy must have been in compliance with Rule 36(c) and its provision regarding the fee." The State responds that because Treat did not pay any fee to the district court in this case for preparation of the certified docket sheet, Treat did not satisfy the requirements in Rule 36(c). Further, the State contends that because Treat did not comply with subsection (c), he cannot use subsection (d) to extend the time and satisfy jurisdiction. In sum, the State argues that subsections (c) and (d) should be read together and that a defendant first must satisfy the provisions in subsection (c) before proceeding under subsection (d).

Applying our rules of interpretation discussed above, we interpret Rule 36 using plain and ordinary language. *Cave City Nursing Home, Inc. v. Ark. Dep't of Human Servs.*, 351 Ark. 13, 89 S.W.3d 884 (2002). We give these words their ordinary and usually accepted meaning in common language. Here, the plain language of subsection (d) provides that if the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the Rule places a duty upon the defendant to do two things. First, the defendant must file an affidavit in the office of the circuit clerk, within forty days from the date of the entry of the judgment in the district court, showing (a) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (b) that the clerk has not done so within thirty days from the date of the entry of the judgment in the district court. Second, the defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. Once these two things are satisfied, the Rule plainly states that "[t]he circuit court

shall acquire jurisdiction of the appeal upon the filing of the affidavit." The record demonstrates that Treat did file an affidavit with the required information and served the clerk of the district court and the prosecuting attorney with the affidavit to place jurisdiction in the circuit court.

Accordingly, based on our discussion above, the filing of Treat's affidavit triggered jurisdiction of his appeal from the district court and strictly complied with Rule 36(d) to commence an appeal from the district court to the circuit court. In accordance with our standard of review, we hold that the circuit court erred in granting the State's motion to dismiss for lack of jurisdiction, and we reverse and remand the case for proceedings consistent with this opinion.

Reversed and remanded; court of appeals' opinion vacated.

HART, J., concurs.

KEMP, C.J., and WOOD and WOMACK, JJ., dissent.

**JOSEPHINE LINKER HART, Justice, concurring.** I wholeheartedly agree with the disposition of this case. While I find no fault in the majority's construction of Rule 36(d) of the Arkansas Rules of Criminal Procedure, in my view, the answer is much simpler. The only jurisdictional requirement stated in Rule 36 is the filing of the district court record pursuant to Rule 36(c) or, under the proper circumstances, the filing of the affidavit in accordance with Rule 36(d). The record-preparation fee specified by Arkansas Code Annotated section 16-17-124 is not referred to as a jurisdictional requirement by Rule 36. The plain language of Rule 36(c) does not require a criminal defendant to pay a filing fee to perfect an appeal to circuit court; it merely outlines the steps required to compel the

9

district court clerk to prepare the "record." The only "duty" Rule 36(c) imposes is directed to the district court clerk to "prepare and certify such record." Furthermore, section 16-17-124 directs the *district court* to "collect" the $5 fee for copying and certifying the record. It is undisputed in this case that the district court made no effort to "collect" the $5 fee. The failure of the district court to execute its responsibility cannot divest Mr. Treat of his constitutional right to a trial by jury. Likewise, it is untenable that the State would charge a criminal defendant a $5 fee before he can avail himself of his constitutional right to a jury trial.

**RHONDA K. WOOD, Justice, dissenting.** I dissent because the affidavit Treat filed with the circuit court does not comply with Arkansas Rule of Criminal Procedure 36(d); therefore, the circuit court did not acquire jurisdiction.

Section (d) of Rule 36 states that if the clerk of the district court has not prepared and certified the record within forty days from the date of the entry of the judgment, the defendant may take an appeal by filing an affidavit with the clerk of the circuit court. Ark. R. Crim. P. 36(d) (2019). The affidavit must state "(i) that the defendant *has requested* the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court." *Id.* (emphasis added).

Here, the affidavit does not meet the requirements of section (d). The affidavit states, "A letter and notice of appeal was mailed to the Rose Bud District Clerk on December 4, 2017." The affidavit does not state whether he requested the district clerk to prepare the record. Consequently, Treat did not attest to making a timely request on the district court

10

clerk. He testified only to putting a "letter and notice of appeal" in the mail. While the affidavit refers to an attached exhibit, that exhibit does not contain a letter, and the attached notice of appeal contains only the circuit court file-stamp date of December 27, 2017.

Furthermore, section (d) cannot be read wholly independent of the preceding section (c). The "request" referenced in section (d) clearly refers to the part of section (c) which states that the district court must prepare and certify the record "when the defendant *files a written request* to that effect with the clerk of the district clerk and pays any fees of the district court authorized by law therefor." Ark. R. Civ. P. 36(c) (emphasis added). So, the request cannot be oral or merely tendered. It must be written and filed. And a clerk may certainly reject a document tendered for failure to pay a fee authorized by law. Yet the affidavit here does not indicate whether a written request was filed with (or even received by) the district court clerk. It states only that it was placed in the mail.

We require strict compliance with our rules conferring appellate jurisdiction. *Clark v. Pine Bluff Civil Serv. Comm'n*, 353 Ark. 810, 815, 120 S.W.3d 541, 545 (2003); *Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913. Rule 36(d) states that "the circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit." However, no jurisdiction can exist if the affidavit fails to strictly comply with the requirements of the Rule. "It is the duty of the counsel, not the judge, clerk, or reporter, to perfect the appeal." *Clark*, 353 Ark. at 815, 120 S.W.3d at 545 (citing *Edwards v. City of Conway*, 300 Ark. 135, 137, 777 S.W.2d 583, 584 (1989)). Here, Treat's affidavit was insufficient, and therefore, we should dismiss his appeal.

KEMP, C.J., and WOMACK, J., join in this dissent.

*Dodds, Kidd, Ryan & Rowan*, by: *Catherine A. Ryan* and *David W. Parker*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.