Cite as 2021 Ark. 80

# SUPREME COURT OF ARKANSAS

No. CR–20–106

| | | |
|---|---|---|
| SHAWN COLLINS | | **Opinion Delivered:** April 15, 2021 |
| | APPELLANT | APPEAL FROM THE WHITE COUNTY CIRCUIT COURT [NO. 73CR-19-698] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT EDWARDS, JUDGE |
| | APPELLEE | |
| | | REVERSED AND VACATED; DISTRICT COURT JUDGMENT REINSTATED; COURT OF APPEALS OPINION VACATED. |

**RHONDA K. WOOD, Associate Justice**

Shawn Collins argues the circuit court did not have jurisdiction over his district court appeal from his first-degree-assault conviction. We consider whether an insufficient affidavit filed under Arkansas Rule of Criminal Procedure 36(d) is a jurisdictional impairment to an appeal from a criminal conviction from district court to circuit court. We find it is, reverse and vacate, and reinstate the district court judgment.

On August 22, 2019, the Searcy District Court convicted Collins of first-degree assault and ordered him to pay $630 and to complete ten days of community service. On September 11, Collins filed a notice of appeal and designation of record in the district court. He did not file a certified record in the circuit court within thirty days. On September 30, the thirty-ninth day from the district court judgment, Collins's attorney filed an affidavit with the White County Circuit Court which stated that he had filed a notice of appeal in

the district court and that "the district court failed to prepare and certify a record for filing in the circuit court in a timely manner." The district court clerk filed the record on that same day.

The case proceeded to a bench trial, and the circuit court found Collins guilty of second-degree assault and sentenced him to thirty days in jail. Collins appealed to the court of appeals, and it affirmed his conviction. *Collins v. State*, 2020 Ark. App. 440, 610 S.W.3d 664. We granted his petition for review. We consider an appeal on review as if it had been originally filed in this court. *Kellensworth v. State*, 2021 Ark. 5, at 4, 614 S.W.3d 804, 807.

On appeal, Collins argues that he failed to perfect his appeal from district court to circuit court because he failed to timely file the record in circuit court or file a sufficient affidavit showing that he requested the district court clerk prepare and certify the record for appeal. We agree.

Rule 36 of the Arkansas Rules of Criminal Procedure sets out the process to appeal a district court criminal conviction to circuit court. Ark. R. Crim. P. 36(b)–(c) (2019). Rule 36(c) provides that a defendant appeals a district court conviction by filing a certified record of the district court proceedings with the clerk of the circuit court within thirty days. It is the defendant's responsibility to timely file the record. *Id*. If the record is filed within thirty days, the circuit court acquires jurisdiction. Ark. R. Crim. P. 36(c). However, if the defendant cannot timely file the record because the district court clerk does not prepare or certify the record within thirty days, Rule 36(d) explains that the defendant must file an affidavit containing certain facts for the circuit court to acquire jurisdiction:

> If the clerk of the district court does not prepare and certify a record
> for filing in the circuit court in a timely manner, the defendant may

2

> take an appeal by *filing an affidavit* in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, *showing* (i) *that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal* and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit.

Ark. R. Crim. P. 36(d) (emphasis added).

We require strict compliance with Rule 36(d). *Treat v. State*, 2019 Ark. 326, at 5, 588 S.W.3d 10, 12. Consistent with that standard and the Rule's plain language, the Rule 36(d) affidavit itself must show two facts: (1) that the defendant requested the clerk to prepare and certify the record; and (2) that the clerk failed to do so within thirty days of the initial district court judgment. This court has interpreted district court appeal affidavit requirements as mandatory for appellate jurisdiction.[1] *See id*; *See also Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913 (explaining procedural rules governing appeals from district court to circuit court are mandatory and jurisdictional). Most recently, in *Treat*, we held that the circuit court acquired jurisdiction when "the record demonstrates that Treat did file an affidavit with the required information" which was the affidavit and the exhibit that demonstrated compliance with both requirements. 2019 Ark. 326, at 8–9, 588 S.W.3d at 15–16. *Treat* did not hold that a court can go beyond the affidavit and its exhibits to find a defendant was "showing" compliance with Rule 36(d).

*Treat* did not hold, as the dissent contends, that a court may look anywhere in the record to satisfy Rule 36(d)'s requirements. Rather, *Treat* held that a notice of appeal

---

[1]This is contrasted with appeals from circuit court where we have held a procedural deficiency within the notice of appeal did not prevent the court from obtaining jurisdiction. *Mann v. Pierce*, 2016 Ark. 418, at 4, 505 S.W.3d 150, 153.

attached to the affidavit and timely filed with the circuit court, taken as a whole, *could* satisfy this Rule. Neither in *Treat* nor now do we hold that a notice of appeal must be filed under Rule 36(c)-(d). But we will not look beyond the complete affidavit, and into the record, to determine whether Collins met the Rule's affidavit requirements. Doing that would wholly erode the rule and depart from our strict compliance and the *stare decisis* doctrine.[2]

Here, Collins's affidavit was deficient because it failed to include the first fact—that he requested the clerk to prepare and certify the record. And unlike in *Treat*, Collins attached nothing to the affidavit "showing" that he had requested the clerk to prepare and certify the record. It is the complete affidavit that must show compliance with the Rule. Collins did not attach anything to his affidavit to make it complete to fulfill the requirements; therefore, the affidavit itself was insufficient. Because Collins's affidavit did not strictly meet Rule 36(d)'s requirements, the circuit court did not obtain jurisdiction, and this court lacks

---

[2]The dissent's footnote states that, "Rule 36(c)-(d) mandates that the appellant's affidavit *and* a certified record must be timely filed in the circuit court to confer jurisdiction." (Emphasis added). This interpretation of Rule 36 is wholly inaccurate. Under section (c), the record timely filed with the circuit court confers jurisdiction. Under section (d), the affidavit confers jurisdiction when the record was not filed timely under (c), but only if it complies with the requirements of the Rule. Nowhere does the Rule require or suggest the record and an affidavit both are required to confer jurisdiction.

Furthermore, under the dissent's interpretation of Rule 36, an appellant could request the district court clerk to prepare the record on the 31st day, subsequently file the record and affidavit within 40 days, and still obtain circuit-court jurisdiction. This is contrary to the Rule's plain language which is for appellant within 30 days to request the district clerk to prepare the record. An affidavit, like Collins's, which does not show that he has timely requested the clerk to prepare the record has not strictly complied with the Rule.

jurisdiction as well.[3] Thus, we must reverse and vacate the judgment entered by the circuit court and reinstate Collins's district court judgment. *See Johnson v. Dawson*, 2010 Ark. 308, 365 S.W.3d 913.

Reversed and vacated; district court judgment reinstated; court of appeals' opinion vacated.

WOMACK, J., concurs.

KEMP, C.J., and WEBB, J., dissent.

**JOHN DAN KEMP, Chief Justice, dissenting.** The majority fails to adhere to the doctrine of stare decisis by refusing to follow this court's precedent established in *Treat v. State*, 2019 Ark. 326, 588 S.W.3d 10. Therefore, I respectfully dissent.

I. *Rule 36 Framework*

The issue on appeal—whether the circuit court had jurisdiction over Collins's appeal—requires this court to construe Rule 36 of the Arkansas Rules of Criminal Procedure. Rule 36 governs criminal appeals from district court to circuit court. *See In re: Adoption of Rule 36 of the Arkansas Rules of Criminal Procedure*, 366 Ark. App'x 619, 619 (2006) (per curiam) (adopting Rule 36 "as a comprehensive procedure governing appeals from limited jurisdiction courts to circuit courts"). Rule 36 provides in pertinent part:

> (b) *Time for Taking Appeal*. An appeal from a district court to the circuit court shall be filed in the office of the clerk of the circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment in the district court. The 30-day period is not extended by the filing of a post-trial motion under Rule 33.3.

---

[3]It is not without notice that Collins benefited from his counsel's error. Even so, if the circuit court did not have jurisdiction over the conviction, this court lacks jurisdiction to consider any procedural arguments, including the invited-error doctrine. We address jurisdictional arguments first.

(c) *How Taken*. An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(d) *Failure of clerk to file record*. If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

Ark. R. Crim. P. 36(b)−(d). We construe court rules using the same means, including canons of construction, that are used to construe statutes. *Velek v. State (City of Little Rock)*, 364 Ark. 531, 222 S.W.3d 182 (2006).

The plain language of Rule 36 sets forth the following procedure for appeals from district court to circuit court. First, subsection (b) states that the time allowed for filing an appeal from district court to circuit court is thirty days from the date of the district court

6

judgment. This court has stated that Rule 36's thirty-day filing requirement is strictly enforced and is jurisdictional in nature. *Roberson v. State*, 2010 Ark. 433, at 5–6. Second, subsection (c) clearly states that the district court clerk must prepare and certify the record when the defendant (1) files a written request with the clerk of the district court and (2) pays any fees of the district court. Third, subsection (d) provides for what some call the "affidavit option" whereby the defendant must (1) "file an affidavit in the office of the circuit clerk, within forty days from the date of the entry of the judgment in the district court, showing (a) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (b) that the clerk has not done so within thirty days from the date of the entry of the judgment in the district court"; and (2) "promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney." *Treat*, 2019 Ark. 326, at 8, 588 S.W.3d at 15.

## II. *Treat*

We reviewed the Rule 36 procedure most recently in *Treat*, 2019 Ark. 326, 588 S.W.3d 10. Treat appealed his driving-while-intoxicated and speeding convictions from district court to circuit court. Treat's counsel prepared an affidavit pursuant to Rule 36(d), stating that the clerk had failed to timely prepare the certified record for filing in the circuit court and included a copy of the notice of appeal. The State responded by filing a motion to dismiss, contending that the circuit court lacked jurisdiction because the appeal was not timely filed. The circuit court conducted a hearing, found that Treat failed to comply with Rule 36(c)–(d), and dismissed Treat's appeal for lack of jurisdiction. The court of appeals affirmed the dismissal. *See Treat v. State*, 2019 Ark. App. 212, 574 S.W.3d 221.

7

This court reversed and remanded, vacating the court of appeals opinion. *Treat*, 2019 Ark. 326, 588 S.W.3d 10. Interpreting Rule 36(d), we stated that "[f]irst, the defendant must file an affidavit . . . within forty days from the entry of the judgment in the district court, showing (a) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (b) that the clerk has not done so within thirty days from the date of the entry of the judgment in the district court[,] [and] [s]econd, the defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and . . . the prosecuting attorney." *Id.* at 8, 588 S.W.3d at 15. We concluded that

> [o]nce these two things are satisfied, the Rule plainly states that '[t]he circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit.' *The record demonstrates that Treat did file an affidavit with the required information* and served the clerk of the district court and the prosecuting attorney with the affidavit to place jurisdiction in the circuit court.

*Id.* at 8–9, 588 S.W.3d at 15 (emphasis added). We ultimately held that the filing of Treat's affidavit "triggered jurisdiction" and that he had "strictly complied with Rule 36(d) to commence an appeal from the district court to the circuit court." *Id.* at 9, 588 S.W.3d at 16.

This court stated in *Treat* that "the record demonstrate[d]" that Treat "file[d] an affidavit with the required information," but it did not indicate whether the affidavit itself referenced documentation in the record or whether the court looked outside the four corners of the affidavit. *Id.* at 8, 588 S.W.3d at 15. The dissent, which I joined, emphasized that Treat's affidavit failed to show that he filed a request to the district court clerk to prepare and certify the record because it merely stated that "[a] letter and notice of appeal was mailed" to the district clerk. *Id.* at 10, 588 S.W.3d at 16 (Wood, J., dissenting). The affidavit

was silent on whether Treat had actually filed his notice of appeal. Nevertheless, this court held that the affidavit was sufficient to place jurisdiction in the circuit court.[1]

## III. *Applying* Treat *to* Collins

The key question is whether Collins "has requested" the district court clerk "to prepare and certify the record for purposes of appeal[.]" Ark. R. Crim. P. 36(d).

Collins's case is similar to Treat's in the following ways. First, the district court record was not filed within the required thirty days pursuant to Rule 36(b)–(c). Second, Collins's counsel exercised the affidavit option by filing an affidavit pursuant to Rule 36(d).

But Collins's affidavit differs from Treat's because it is even more specific. It states:

> 1. That I, Justin Mercer, am filing this Affidavit pursuant to Rule 36(d) of the Arkansas Rules of Criminal Procedure.
>
> 2. That I, Justin Mercer, filed a Notice of Appeal in the District Court of White County on September 11, 2019, to appeal to [sic] the conviction [of] Shawn Collins for DOMESTIC BATTERING-3RD DEGREE, in violation of

---

[1]The majority mistakenly suggests that Rule 36 and this court's holding in *Treat*, 2019 Ark. 326, 588 S.W.3d 10, could require a notice-of-appeal attachment when an appellant files an affidavit pursuant to Rule 36(d). The express language of the rule indicates otherwise. Specifically, Rule 36(c) states, "An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. *Neither a notice of appeal nor an order granting an appeal shall be required. . . .* Except as otherwise provided in subsection (d) of this rule, *the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk*." (Emphasis added.)

Further, nowhere in Rule 36(d) is a notice-of-appeal attachment mentioned. The rule states, "The *circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit*." (Emphasis added.) Simply put, Rule 36(c)–(d) mandates that the appellant's affidavit and a certified record must be timely filed in the circuit court to confer jurisdiction, and in this instance, Collins has done so. This court requires strict compliance with Rule 36(d). *Treat*, 2019 Ark. 326, at 5, 588 S.W.3d at 12. Thus, in strictly construing Rule 36 and as stated below, I conclude that Collins has complied with the requirements of Rule 36(d).

9

A.C.A. § 5-26-305(b)(1), case number SES-19-1443; entered on the 22nd day of August, 2019.

3. The District Clerk failed to prepare and certify a record for filing in the Circuit Court in a timely manner.

4. Today is the 39th day since the conviction was entered.

Here, Collins's affidavit indicates that counsel (1) filed the affidavit pursuant to Rule 36(d); (2) timely filed a notice of appeal in the White County District Court on September 11, 2019; (3) timely filed his notice of appeal from the August 22 district court judgment; (4) stated that the district court clerk failed to prepare and certify the record in the circuit court in a timely manner; and (5) filed the affidavit on the "39th day since the conviction was entered." While Treat indicated in his affidavit that he had dropped his notice of appeal in the mail, Collins's affidavit stated in no uncertain terms that he had timely filed his notice of appeal on the thirty-ninth day—September 30, 2019. Thus, Collins's counsel timely filed his affidavit within the forty-day time frame pursuant to Rule 36(d). Further, the detailed information incorporated by reference in Collins's affidavit establishes that he had submitted a request to the district court clerk to prepare and certify the record, and as the majority states, "[t]he district court clerk filed the record on that same day [September 30, 2019]."

Therefore, in my view, the requirements of Rule 36(d) were satisfied because Collins had (1) filed the affidavit in the office of the circuit court clerk within forty days from the date of the district court judgment; (2) requested that the district court clerk prepare and certify the record, as previously discussed; (3) stated that the district court clerk had not prepared and certified the record for filing within the required thirty days; and (4) served a copy of the affidavit upon the district court clerk and the prosecuting attorney.

As a matter of stare decisis, I am not persuaded that this case warrants a departure from our holding in *Treat*, 2019 Ark. 326, 588 S.W.3d 10. There is a strong presumption regarding the validity of prior decisions, and it is necessary as a matter of public policy to uphold previous decisions unless great injury or injustice would result. *Miller v. Enders*, 2013 Ark. 23, 425 S.W.3d 723. This court adheres to the rule that precedent governs until it gives a result so patently wrong and so manifestly unjust that a break becomes unavoidable. *Couch v. Farmers Ins. Co.*, 375 Ark. 255, 289 S.W.3d 909 (2008). Thus, I would hold that Collins's timely affidavit, which fulfilled the requirements of Rule 36(d), established jurisdiction in the circuit court. Because I would affirm the circuit court's judgment, I respectfully dissent.

WEBB, J., joins.

*Brett D. Watson*, *Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes Jr.*, Ass't Att'y Gen., for appellee.