Cite as 2022 Ark. 195

# SUPREME COURT OF ARKANSAS

No. CR-22-319

|  |  |  |
|---|---|---|
| | | **Opinion Delivered:** November 3, 2022 |
| STATE OF ARKANSAS | | |
| | APPELLANT | |
| | | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| V. | | [NO. 72CR-21-1529-6] |
| DEREK JAY VAN VOAST | | |
| | APPELLEE | HONORABLE MARK LINDSAY, JUDGE |
| | | |
| | | AFFIRMED. |

**COURTNEY RAE HUDSON, Associate Justice**

The State of Arkansas brings this appeal from the Washington County Circuit Court's order denying the State's motion to dismiss appellee Derek Jay Van Voast's appeal from district court. For reversal, the State argues that the circuit court lacked jurisdiction over Van Voast's appeal. We affirm.

On June 10, 2021, the Springdale District Court found Van Voast guilty of third-degree endangering the welfare of a minor, a Class A misdemeanor, and second-degree assault, a Class B misdemeanor. The judgment, which was entered on June 11, 2021, imposed a ninety-day suspended imposition of sentence and fines upon Van Voast. Van Voast filed a notice of appeal and certified copies of the district court record with the circuit clerk of Washington County on July 8, 2021.

On August 25, 2021, the State filed a motion to dismiss Van Voast's appeal for lack of subject-matter jurisdiction. The State claimed that Van Voast had failed to strictly comply with the requirements of Arkansas Rule of Criminal Procedure 36(c) because he had not filed a written request with the Springdale District Court for the certified record of the proceedings, served a copy of that written request on the prosecuting attorney, or filed a certificate of such service with the Springdale District Court. The State attached an email from the district court clerk, Morgan Stanwick, stating that the record contained no written communication with Van Voast or his attorney. Rather, Stanwick indicated that the attorney came to the district court on July 7, 2021, and verbally requested certified copies of the docket sheets, which were provided upon payment of the applicable fees. In his response to the State's motion, Van Voast denied that the circuit court lacked subject-matter jurisdiction of his appeal and claimed that he had served on the district clerk a letter memorializing his verbal request for the certified record and served the same upon the State. He attached a July 8, 2021 letter to the district clerk requesting the record and an email to the city attorney containing a copy of that letter.

The circuit court held a hearing on the motion to dismiss on March 14, 2022. The parties agreed that Van Voast had mistakenly faxed his written request for the record to the city attorney instead of to the district court clerk. The State argued that the decision in *Pettry v. State*, 2020 Ark. App. 162, 595 S.W.3d 442, which held that the written request and service requirements of Rule 36(c) were nonjurisdictional, was inconsistent with opinions of this court, specifically, *Treat v. State*, 2019 Ark. 326, 588 S.W.3d 10, and *Collins v. State*, 2021

Ark. 80. The circuit court disagreed, finding that the *Pettry* decision was more similar to the factual situation in this case and that Rule 36(c)'s written-request requirement was administrative rather than jurisdictional. Because Van Voast timely filed the record within thirty days of the entry of judgment in the district court, the circuit court denied the State's motion to dismiss. Van Voast was then acquitted of the charges in the circuit court, and the State appealed from the denial of its dismissal motion.

As a preliminary matter, we must first decide if we have jurisdiction to hear the State's appeal in this case. Unlike that of a criminal defendant, the State's right to appeal is limited to the provisions of Rule 3 of the Arkansas Rules of Appellate Procedure–Criminal. *State v. Ledwell*, 2017 Ark. 252, 526 S.W.3d 1. We will not consider an appeal by the State unless the correct and uniform administration of the criminal law requires review by this court. Ark. R. App. P.–Crim. 3(d). In practice, we review only State appeals that are narrow in scope and that involve the interpretation, not the application, of a criminal rule or statutory provision. *Ledwell, supra*; *State v. Griffin*; 2017 Ark. 67, 513 S.W.3d 828; *State v. Jenkins*, 2011 Ark. 2. State appeals merely attempting to demonstrate that the circuit court erred are not permitted. *Ledwell, supra*.

The issue presented in this appeal is whether the circuit court erred in its construction of Arkansas Rule of Criminal Procedure 36(c). Although the court of appeals discussed whether the requirements in Rule 36(c) were jurisdictional in *Pettry, supra*, this court has not previously addressed this particular issue. Accordingly, because the question raised in this appeal is one of first impression involving the interpretation of our criminal rules,

3

jurisdiction of this appeal is properly in this court. *See State v. Robinson*, 2013 Ark. 425, 430 S.W.3d 105 (accepting State appeal involving interpretation of criminal procedural rules and this court's precedent).

We construe court rules using the same means and canons of construction used to interpret statutes, and our review is de novo, as it is for this court to decide the meaning of a statute or rule. *State v. Torres*, 2021 Ark. 22, 617 S.W.3d 232; *Newman v. State*, 2011 Ark. 112, 380 S.W.3d 395. The first rule in interpreting a statute is to construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Tollett v. Wilson*, 2020 Ark. 326, 608 S.W.3d 602. When the language is plain and unambiguous, there is no occasion to resort to rules of statutory interpretation, and the analysis need go no further. *Id.*

The pertinent provisions of Rule 36, which governs appeals from district court to circuit court, are set forth below:

> (b) Time for Taking Appeal. An appeal from a district court to the circuit court shall be filed in the office of the clerk of the circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment in the district court. The 30-day period is not extended by the filing of a post-trial motion under Rule 33.3.
> (c) How Taken. An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the

responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

(d) Failure of Clerk to File Record. If the clerk of the district court does not prepare and certify a record for filing in the circuit court in a timely manner, the defendant may take an appeal by filing an affidavit in the office of the circuit clerk, within forty (40) days from the date of the entry of the judgment in the district court, showing (i) that the defendant has requested the clerk of the district court to prepare and certify the record for purposes of appeal and (ii) that the clerk has not done so within thirty (30) days from the date of the entry of the judgment in the district court. The defendant shall promptly serve a copy of such affidavit upon the clerk of the district court and upon the prosecuting attorney. The circuit court shall acquire jurisdiction of the appeal upon the filing of the affidavit. On motion of the defendant or the prosecuting attorney, the circuit court may order the clerk of the district court to prepare, certify, and file a record in the circuit court.

The State does not dispute that Van Voast timely filed the district court record with the circuit court within thirty days of the district court's judgment. However, the State argues that Van Voast failed to comply with the requirements of Rule 36(c) to file a written request with the district court clerk to prepare and certify the record and file a certificate of service of that written request on the prosecuting attorney. The State contends that these requirements in Rule 36(c) are jurisdictional and that the circuit court erred in relying on *Pettry*, *supra*, to determine that they were not. According to the State, *Pettry* is "incompatible" with our decisions in *Treat*, *supra*, and in *Collins*, *supra*.

We disagree that *Treat* and *Collins* are controlling of the issue raised in this case. In both *Treat* and *Collins*, the appellants failed to file a certified district court record with the circuit court within thirty days as required by Rule 36(b)-(c). *Collins*, 2021 Ark. 80, at 1; *Treat*, 2019 Ark. at 2, 588 S.W.3d at 11. The appellants then attempted to perfect their appeal by

5

filing an affidavit as set forth in Rule 36(d), and we required strict compliance with those provisions. *See Collins*, *supra* (stating that this court has interpreted district court appeal affidavit requirements in Rule 36(d) as mandatory for appellate jurisdiction). Neither of these cases involved the subsection at issue here, which is Rule 36(c). Indeed, in *Collins*, we noted the differing procedures set forth in subsections (c) and (d), stating that "[u]nder section (c), the record timely filed with the circuit court confers jurisdiction. Under section (d), the affidavit confers jurisdiction when the record was not filed timely under (c), but only if it complies with the requirements of the Rule." 2021 Ark. 80, at 11, fn. 2.

The decision in *Pettry*, *supra*, however, is directly on point. In *Pettry*, the appellant timely filed the certified district court record with the circuit court within thirty days. However, on appeal from the circuit court's judgment, the State moved to dismiss, arguing that the appellant had not properly followed Rule 36(c)'s requirements in perfecting his district court appeal. *Id.* Specifically, the State claimed that the appellant's failure to file a written request with the district court clerk to prepare the record, to serve the written request on the prosecuting attorney, and to file a certificate of that service with the district court clerk was fatal to the circuit court acquiring jurisdiction of the appeal. *Id.* The court of appeals disagreed, interpreting these requirements in Rule 36(c) as "administrative in nature, rather than jurisdictional." *Id.* at 3, 595 S.W.3d at 445. The court of appeals instead held that "[a] circuit court acquires jurisdiction over a de novo appeal from district court when a certified record from the district court is timely filed in the circuit court." *Id.* at 4.

We agree that, under the plain language of Rule 36(c), the triggering event for the circuit court to acquire jurisdiction is "the filing of the certified record in the office of the circuit clerk." Ark. R. Crim. P. 36(c). As the *Pettry* opinion stated, the written notice requirement in Rule 36(c) has no jurisdictional significance and simply identifies when a district clerk is tasked with preparing the record. Similarly, the certificate of service requirement is not necessary to give the circuit court jurisdiction, and in the present case, it is also undisputed that the prosecuting attorney received notice of Van Voast's intention to appeal to circuit court, both by email and by the facsimile that was intended for the district court clerk. Accordingly, the circuit court acquired jurisdiction of Van Voast's appeal upon the timely filing of the certified district court record, and we affirm the denial of the State's motion to dismiss.

Affirmed.

*Leslie Rutledge*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellant.

*Thurman & Flanagin*, by: *Chris Flanagin*, for appellee.