Cite as 2025 Ark. App. 484

# ARKANSAS COURT OF APPEALS
## DIVISION IV
### No. CR-24-847

|  |  |  |
|---|---|---|
| JEDIAH RYAN HALEY | | Opinion Delivered October 22, 2025 |
| | APPELLANT | |
| | | APPEAL FROM THE CARROLL COUNTY CIRCUIT COURT, EASTERN DISTRICT [NO. 08ECR-22-199] |
| V. | | |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE RANDY WRIGHT, JUDGE |
| | | REVERSED AND REMANDED |

**BART F. VIRDEN, Judge**

This appeal stems from the Carroll County Circuit Court's dismissal of Jediah Ryan Haley's appeal from the Berryville District Court.[1] Haley argues that the circuit court erred in granting the State's motion to dismiss his appeal due to improper services and filing pursuant to Arkansas Rule of Criminal Procedure 36(c). We agree, and we reverse and remand.

---

[1]The instant case involves Haley's conviction for third-degree battery, No. 08ECR-22-199, and is a companion case to two other cases in which Haley was convicted of criminal trespass, No. 08ECR-22-191; and disorderly conduct, No. 08ECR-22-207. Haley separately appeals the other convictions. The arguments presented here are identical to those presented in his companion cases, and today we hand down opinions in all three. *See Haley v. State*, 2025 Ark. App. 485; *Haley v. State*, 2025 Ark. App. 492.

I. *Relevant Facts*

On August 18, 2022, Haley was convicted in the Berryville District Court of third-degree battery, second-degree criminal mischief, and disorderly conduct. On September 16, Haley timely filed the certified transcript of the district court trial with the circuit court. A receipt for $463.50 to the circuit clerk's office was included in the filing. On July 22, 2024, almost two years later, the circuit court held a pretrial hearing, set another pretrial hearing for October 23, and set a jury trial for November 13.

On the day before the pretrial hearing, the State moved to dismiss Haley's appeals pursuant to Ark. R. Crim. P. 36(c). The State did not dispute that Haley timely filed the certified record and paid the required fees or that the district court clerk prepared and certified the record. Instead, the State contended that Haley failed to serve the State with a copy of the written request for the record, and no certificate of service was filed with the district court clerk or was contained in the record. The State contended that the service and filing requirements in Rule 36(c) are mandatory, and Haley's appeals should be dismissed.

At the hearing the next day, the State argued that despite our court's holding *Pettry v. State*, 2020 Ark. App. 162, 595 S.W.3d 442, failure to properly serve the State did not create a jurisdictional issue, the mandatory language in Rule 36(c) still controls, and *Pettry* "does not replace the -- the 'shall' in the rule."

Haley's counsel focused on the State's failure to raise this issue earlier and responded that at some point, the State received notice because "we're all here today," and the time for objecting to this failure to comply with Rule 36(c) had passed.

From the bench, the circuit court granted the State's motion to dismiss, finding that Rule

> 36(c) requires that the appellant, which is Mr. Haley, to file a written request for the record with the district court clerk, serve that request on the prosecutor for that particular Judicial District, and then file that service with the district court. I don't think that rule and dealing with it in the past, can be abbreviated or some parts of it alleviated just because a defendant or appellant did not do what they were supposed to do.

On October 25, the court entered the written order in which it found that Haley did not serve the prosecuting attorney with a copy of a written request to prepare the record, and he failed to file a certificate of that service with the district court clerk. The court determined that these requirements are mandatory under the plain language of Rule 36(c) and its use of the word "shall." The court dismissed Haley's appeals and returned the cases "to the jurisdiction of the district court for the sentences imposed to be carried out."

Haley timely filed his notice of appeal, and this appeal followed.

II. *Discussion*

Citing *Pettry*, 2020 Ark. App. 162, 595 S.W.3d 442, for support, Haley contends that filing a certified district court record in the circuit court within thirty days of the date of the entry of the district court judgment, as he did, "defeat[s] the State's motion to dismiss." We agree.

Rule 36(c) governs how an appeal from district courts to circuit court is taken:

> An appeal from a district court to circuit court shall be taken by filing with the clerk of the circuit court a certified record of the proceedings in the district court. Neither a notice of appeal nor an order granting an appeal shall be required. The record of proceedings in the district court shall include, at a minimum, a copy of the district

court docket sheet and any bond or other security filed by the defendant to guarantee the defendant's appearance before the circuit court. It shall be the duty of the clerk of the district court to prepare and certify such record when the defendant files a written request to that effect with the clerk of the district court and pays any fees of the district court authorized by law therefor. The defendant shall serve a copy of the written request on the prosecuting attorney for the judicial district and shall file a certificate of such service with the district court. The defendant shall have the responsibility of filing the certified record in the office of the circuit clerk. Except as otherwise provided in subsection (d) of this rule, the circuit court shall acquire jurisdiction of the appeal upon the filing of the certified record in the office of the circuit clerk.

Here, the parties agree that the record was timely filed, and the fees were paid, but the written notice was not served on the State, nor is it in the district court record. Similarly, in *Pettry*, the appellant timely filed the certified district court record with the circuit court within thirty days as required; however, the State moved to dismiss the appeal because the appellant failed to file a written request with the district court clerk to prepare the record, serve the written request on the prosecuting attorney, and file a certificate of that service with the district court clerk. The State argued that the appellant's errors prevented the circuit court from acquiring jurisdiction of the appeal. This court disagreed, interpreting these requirements in Rule 36(c) as "administrative in nature, rather than jurisdictional." *Id.* at 3, 595 S.W.3d at 445. We held that "[a] circuit court acquires jurisdiction over a de novo appeal from district court when a certified record from the district court is timely filed in the circuit court." *Id.* at 4, 595 S.W.3d at 445.

Regarding the State's argument that the word "shall" still means "shall" and the filing and service-of-notice requirements are mandatory if not jurisdictional, we respectfully disagree. In *Pettry*, this court identified the change of perspective that had occurred regarding

4

court rules, holding that "the Arkansas Supreme Court has, to some degree, moved away from hyper-technical rules that arguably restrict access to the courts and deny parties decisions on the merits of their legal disputes." *Id.* at 7, 595 S.W.3d at 447. This court further held that the State did not suffer prejudice when a defendant failed to file a certificate of service, "given that the circuit clerk must, under Rule 36(f), notify the State of any appeal to the circuit court[.]" *Id.* at 8, 595 S.W.3d at 448. We asked the following in *Pettry*: "If failing to serve a (mandatory) notice of appeal in a civil case cannot affect the validity of an appeal, why should the failure to file a certificate of service with a district clerk thwart a criminal defendant's de novo proceeding in the circuit court?" *Id.* at 7, 595 S.W.3d at 447. The answer is that it should not.

Subsequent to *Pettry*, in *State v. Van Voast*, 2022 Ark. 195, 654 S.W.3d 59, our supreme court dealt with very similar facts regarding the appellant's failure to file a written request with the district court clerk to prepare and certify the record and file a certificate of service of that request on the prosecutor. Our supreme court compared the case to *Pettry* and held that the circuit court acquired jurisdiction of the defendant's appeal upon his timely filing of the certified district court record, and the written notice to the prosecutor was not necessary to perfect the appeal. Both *Pettry* and *Van Voast* dictate that Haley's appeal to the circuit court has been perfected.

Considering the changes *Pettry* brought about, we reverse and remand to the circuit court.

Reversed and remanded.

ABRAMSON and TUCKER, JJ., agree.

*Dusti Standridge*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.